# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY M. STOTTLEMYER, | : | |
| | : | CIVIL ACTION |
| | : | NO._____ |
| Plaintiff, | : | |
| | : | |
| | : | |
| | : | |
| | : | Electronically Filed |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| SYNCREON.US INC. | : | |
| | : | |
| | : | |
| Defendant, | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff Amy M. Stottlemyer ("Plaintiff"), by and through her attorneys

Katherman Briggs & Greenberg, LLP, for her Complaint against Defendant

syncreon.US Inc. ("Defendant"), alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this Complaint for redress of violations by Defendant

of her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §

2601, *et seq*.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3.      This is an action authorized and existing pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq*. which provides for original jurisdiction of Ms. Stottlemyer's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statute.

## PARTIES

4.      Plaintiff Amy M. Stottlemyer is a citizen of the United States and resides in York County, Pennsylvania. Ms. Stottlemyer was employed by Defendant syncreon as a quality engineer until she was discharged after engaging in a protected activity, including needing FMLA leave to care for her own serious health condition.

5.      Defendant syncreon.US Inc. (hereinafter "syncreon") is a for-profit corporation with a principal place of business at 609 Memory Lane, York, Pennsylvania 17402 and engages in commerce throughout Pennsylvania and the United States.  Defendant syncreon controlled the terms, conditions and privileges of Ms. Stottlemyer's employment.   At all times relevant hereto, Defendant

syncreon engaged in commerce or any activity affecting commerce and employed in excess of 50 employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year.  Defendant is thus an Employer as defined by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et.seq.*, and is liable for Plaintiff's damages.

## VENUE

6.     Venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant has a principal place of business in this district and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

7.     Plaintiff, Amy Stottlemyer, began working for syncreon as an auditor in August 2010.

8.     At the time of her hire, Ms. Stottlemyer did not have a disability or a serious health condition.

9.     In September 2011, Ms. Stottlemyer was promoted to a quality technician.

10.     In January 2014, Ms. Stottlemyer was promoted to a quality engineer.

11.     As a quality engineer, Ms. Stottlemyer worked from 6:00 a.m. to 3:30 p.m. (hereinafter "day shift"), Monday through Friday.

12.     She earned $47,000.00 per year along with benefits.

13.     A quality engineer's job is to follow up with customer concerns, report out changes and issues, and support any needs within the quality function.

14.     In June 2016, Ms. Stottlemyer began experiencing medical issues with her menstrual cycle and immune system.

15.     As a result, her health care provider recommended and Ms. Stottlemyer received the Depo-Provera shot in July 2016.

16.     After receiving the shot, Ms. Stottlemyer experienced side effects including prolonged severe anxiety attacks, insomnia, diarrhea, nausea and uncontrolled menstrual bleeding that required continuing treatment by her health care providers.

17.     Prolonged severe anxiety attacks, insomnia, diarrhea, nausea and uncontrollable menstrual bleeding constitute serious health conditions under the FMLA.

18.     Defendant was aware of Ms. Stottlemyer's serious health conditions including her anxiety, insomnia, diarrhea, nausea and uncontrolled menstrual bleeding and in fact suggested she seek treatment from her health care provider.

19.     In August 2016, Ms. Stottlemyer sought and was approved for FMLA leave as a result of the above-mentioned health conditions.

20.    Ms. Stottlemyer returned to work on October 27, 2016.

21.    By letter dated October 27, 2016, Liberty Mutual, which administered both the short term disability plan and FMLA leave for Defendant, advised Ms. Stottlemyer that she had 72 hours of FMLA entitlement remaining and that her FMLA claim was closed since she had returned to work.

22.    At the time she returned to work, Ms. Stottlemyer was under no restrictions from her health care provider and was able to perform all functions of her position as a quality engineer.

23.    On the day she returned to work from her FMLA approved leave, Carol Colna from Defendant's Human Resources Department expressed surprise that she was back to work and advised Ms. Stottlemyer that her day shift position was no longer available.

24.    Defendant gave a male quality engineer who previously worked night shift Ms. Stottlemyer's day shift position while she was on FMLA leave.

25.    Defendant advised Ms. Stottlemyer that she could either accept a night shift position or she would be laid off immediately.  As Ms. Stottlemyer has children to support and not wanting to be laid off, she accepted the night shift position to which Defendant also expressed surprise.

26.    Ms. Stottlemyer began performing the night shift quality engineer

position on October 30, 2016.  Co-employees asked Ms. Stottlemyer if Defendant

was punishing her for taking leave by moving her to night shift.  At the time she

began performing the

29.     On November 1, 2016, Defendant terminated Ms. Stottlemyer's

employment, alleging a breach of confidentiality.

28.     Plaintiff believes and therefore avers that Defendant acted with the

specific intent of refusing to return her to an equivalent position and firing Ms.

Stottlemyer in interference with her FMLA rights and in retaliation for Ms.

Stottlemyer asserting her FMLA rights.

29.     After being fired from her job, Ms. Stottlemyer has been unable to

secure comparable employment and has been without income and medical benefits.


**COUNT 1**
**FAMILY MEDICAL LEAVE ACT - INTERFERENCE**

30.     Plaintiff hereby incorporates by reference all forgoing paragraphs of

this Complaint as though fully set forth at length herein.

31.     Ms. Stottlemyer was at all times relevant hereto an eligible employee

as defined by the Family and Medical Leave Act.

32.     Ms. Stottlemyer was employed by Defendant for at least 12 months

preceding the FMLA leave.

33.    Ms. Stottlemyer worked more than 1,250 hours in the 12 months prior to the FMLA leave.

34.    Ms. Stottlemyer had a serious health condition, as more fully outlined herein.

35.    Defendant snycreon was at all times relevant hereto an employer as defined by the Family and Medical Leave Act.

36.    During her employment and prior to her discharge, Ms. Stottlemyer was eligible for FMLA leave which was medically necessary to care for her own serious health condition as defined by the Family and Medical Leave Act.

37.    Ms. Stottlemyer provided Defendant with Notice of FMLA qualifying events, as more fully outlined herein.

38.    Defendant was aware of Ms. Stottlemyer's FMLA qualifying events and need for FMLA leave.

39.    As more fully outlined throughout this Complaint, Defendant negatively affected the terms, conditions, and privileges of Ms. Stottlemyer's employment instead of providing Mr. Stottlemyer with her right to take 12 weeks of FMLA leave to care for her own serious health condition, including moving her to night shift and firing her from her position.

40.     Defendant moved her to night shift and fired her with the specific intention to interfere with Ms. Stottlemyers's FMLA rights, despite knowing her eligibility for FMLA leave at that time.

41.     Defendant's violations of the FMLA were wanton, willful and malicious.

42.     As a result of Defendant's willful violation of the FMLA, Ms. Stottlemyer has suffered damages, including loss of reputation, loss of pay and benefits, loss of future income and growth opportunities, damage to her career, loss of happiness and well-being, and other emotional distress and compensatory damages.

43.     Defendant engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Plaintiff's statutory civil rights protected by federal law.

44.     As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered and will continue to suffer loss of employment, lost wages, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of her personal life and loss of enjoyment of life.

45.     The acts complained of were extreme and outrageous and were engaged in with malice and/or reckless indifference to Plaintiff's well-being, thereby entitling her to liquidated damages.

46.     Thus, Defendant willfully violated the Family and Medical Leave Act when it interfered with Ms. Stottlemyer's rights to receive FMLA leave to care for her own serious health condition.

## COUNT II
## FAMILY AND MEDICAL LEAVE ACT - RETALIATION

47.     Plaintiff, Amy Stottlemyer hereby incorporates by reference all forgoing paragraphs of this Complaint as though fully set forth at length herein.

48.     Ms. Stottlemyer was at all times relevant hereto an eligible employee as defined by the Family and Medical Leave Act.

49.     Ms. Stottlemyer was employed for 12 months preceding her termination.

50.     Ms. Stottlemyer worked more than 1,250 hours in the 12 months prior to the FMLA leave.

51.     Ms. Stottlemyer had a serious health condition, as more fully outlined herein.

52.   Defendant was at all times relevant hereto an employer as defined by the Family and Medical Leave Act.

53.   During her employment and prior to her discharge, Ms. Stottlemyer was eligible for FMLA leave, which was medically necessary to care for her own serious health conditions as defined by the Family and Medical Leave Act.

54.   As more fully outlined throughout this Complaint, Defendant negatively affected the terms, conditions, and privileges of Ms. Stottlemyer's employment instead of providing Ms. Stottlemyer with her right to take 12 weeks of FMLA leave to care for her own serious health condition, including moving her to night shift and firing her from her position.

55.   During her employment, Ms. Stottlemyer engaged in protected activity, including requesting FMLA leave as more fully outlined herein.

56.   Defendant took adverse actions against Ms. Stottlemyer after she took FMLA leave, including moving her to night shift and terminating her employment.

57.   There is a causal connection between Ms. Stottlemyer's use of FMLA leave and the adverse actions outlined herein.

58.   Ms. Stottlemyer has suffered harm as a result of the FMLA retaliation, including losing her salary and benefits as more fully outlined herein.

59.     Ms. Stottlemyer also incurred monetary losses and consequential damages as a result of using FMLA leave and Defendant's retaliation.

60.     Such expenses and damages include, but are not limited to, traveling to and from medical providers for treatment and payment for medical treatment and prescriptions.

61.     Defendant's violations of the FMLA were wanton, willful and malicious.

62.     As a result of Defendant's willful violations of the FMLA, Ms. Stottlemyer has suffered damages including loss of reputation, loss of pay and benefits, loss of future income and growth opportunities, damage to her career, loss of happiness and well-being and other emotional distress and compensatory damages.

63.     Defendant engaged in the retaliatory conduct as fully set forth above and incorporated herein by reference with malice and/or intentional indifference to Plaintiff's statutory civil rights protected by federal law.

64.     As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered and will continue to suffer loss of employment, lost wages, extreme mental anguish, severe anxiety, personal humiliation, painful embarrassment, disruption of his personal life, and loss of enjoyment of life.

65.     The acts complained of were extreme and outrageous and were engaged in with malice and/or reckless indifference to Plaintiff's wellbeing, thereby entitling her to liquidated damages.

66.     Thus, Defendant willfully violated the Family and Medical Leave Act when it retaliated against Ms. Stottlemyer for exercising her rights to receive FMLA leave to care for her own serious health condition.

**WHEREFORE**, Plaintiff, Amy Stottlemyer requests this Honorable Court enter a judgment in her favor and against Defendant for:

1.     Back pay and benefits;

2.     Front pay and benefits should reinstatement prove unfeasible;

3.     Statutory pre-judgment interest;

4.     Compensatory damages;

5.     Liquidated damages;

6.     Reasonable attorney fees and costs;

7.     Any other relief that this Court deems just and equitable.

Respectfully submitted:

KATHERMAN, BRIGGS & GREENBERG, LLP

Dated:  04/24/2017          BY:_____

                            JENNIFER A. KLINE, ESQ.
                            PA I.D. No. 65950
                            Attorney for Plaintiff
                            110 North George Street
                            York, PA 17401
                            (717) 848-3838 telephone
                            (717) 854-9172 facsimile
                            jkline@kbglaw.com